**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHENZHEN YUANJIAN DIANLI ENGINEERING CO., LTD.; NANYANGAIMINKEJIYOUXIANGONGSI; SHENZHEN JIACHUANGRONG NEW ENERGY CO., LTD.; SHENZHEN HUA KUAI TECHNOLOGY CO., LTD.; and ZHONGHENG CULTURAL CREATIVITY (SHENZHEN) CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN FENGSHUN TECHNOLOGY CO., LTD.,<br><br>Defendant. | Civil Action No. 1:26-cv-08926-MKV<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION BARRING AMAZON INFRINGEMENT COMPLAINTS** |

## PRELIMINARY STATEMENT

Plaintiffs are five Amazon.com sellers. Since July 22, 2026, Defendant Shenzhen Fengshun Technology Co., Ltd. ("Fengshun"), acting through two brand-enforcement vendors, has submitted complaint after complaint to Amazon asserting U.S. Design Patent No. D1,007,305 S (the "'305 Patent") against Plaintiffs' listings. Amazon removed 369 of the 1,044 listings in Plaintiffs' storefronts. When Plaintiffs appealed the first complaint, Amazon restored the listings within a day. Within four weeks Fengshun made the same accusation through a different vendor, and it has not stopped. Two more complaints were submitted after Plaintiffs filed this action, on October 9 and October 21, 2026, and the second came with Amazon's warning that further complaints may cost a Plaintiff its entire selling account. Amazon has

scheduled Plaintiffs' stranded inventory for disposal beginning November 23, 2026, and the bulk of it on December 16, 2026.

The '305 Patent claims the design of a silicone seal for a bottle lid. Fengshun applied for it on August 30, 2023. The same seal had been sold in the United States for more than three years by then, as the removable spout seal of the Owala FreeSip water bottle. The owner of the Owala brand has said so in a federal pleading, alleging that it began selling FreeSip products in this country in February 2020. A design that was on sale to the public more than three years before the application was filed cannot be validly patented, and a patent owner that knows its competitors sell that same seal cannot reasonably expect to establish infringement of a valid claim.

Amazon does not decide patent disputes. It removes listings on a facially complete notice and restores them when the complainant retracts or a court rules. Each time a listing is restored, Fengshun can remove it again with a new complaint, and it has done so. Plaintiffs therefore ask the Court for a preliminary injunction barring Fengshun, and those acting for it, from reporting Plaintiffs' listings to Amazon or any other online marketplace under the '305 Patent while this action is pending, and directing them to withdraw the existing complaints and to tell Amazon in writing that Fengshun has no objection to reinstatement of the affected listings. The order runs only to Fengshun and persons bound under Rule 65(d)(2). It does not direct Amazon to do anything.

## STATEMENT OF FACTS

### A. The '305 Patent

The '305 Patent issued on December 12, 2023, from Application No. 29/911,236, filed August 30, 2023, and claims no earlier priority. First Am. Compl. ("FAC") ¶ 21, ECF No. 9; FAC Ex. A. Its single claim is to "[t]he ornamental design for a sealing plug for bottle cap, as

shown and described." FAC ¶ 22. Fengshun is the applicant and assignee of record. FAC ¶ 9. None of the references cited during prosecution is an Owala product or a Runway Blue, LLC patent. FAC ¶ 23.

**B. The Owala FreeSip Seal**

The Owala FreeSip is an insulated bottle sold by Trove Brands, LLC. Its lid has a two-opening spout closed by a removable one-piece silicone seal (the "FreeSip Seal"). FAC ¶ 24. The FreeSip, with that seal, has been sold on Amazon.com since no later than March 2020 under ASIN B085DTZQNZ, and under four further ASINs since 2022. FAC ¶ 25; FAC Ex. D. Customer photographs posted to the Amazon listing as early as February 15, 2021 show the seal. FAC ¶ 26. Trove Brands has alleged, in a complaint it filed in the Southern District of Florida, that it began selling FreeSip products in the United States in February 2020. FAC ¶ 27; FAC Ex. G ¶ 21. The FreeSip lid and spout are also shown in Runway Blue's U.S. Design Patent Nos. D884,416 (issued May 19, 2020) and D911,104 (issued February 23, 2021). FAC ¶ 29; FAC Ex. E. A side-by-side comparison of the figures of the '305 Patent and the FreeSip Seal is attached to the accompanying Declaration of Nitin Kaushik ("Kaushik Decl.") as Exhibit 1.

**C. Fengshun's Amazon Complaints**

Beginning on July 22, 2026, complaints asserting the '305 Patent were submitted to Amazon against Plaintiffs' listings under Complaint IDs 21204768021, 21665095371, 21741526971, 21783688091, 21842234601, and 21842227161. FAC ¶ 33; FAC Ex. B. The first was submitted in the name of Aurobinda Panda, using an address at lexprotector.in; the rest were submitted in the name of Roland Götz, using addresses at remove.tech. FAC ¶¶ 33–34. Neither is the patent owner. FAC ¶ 34. Amazon restored the listings removed under the first complaint on Plaintiffs' appeal of July 23, 2026. FAC ¶ 36. Within four weeks, new complaints on the same patent were submitted through the second vendor. FAC ¶ 37. A further complaint against the

YUANJDIANCHENG storefront followed on September 24, 2026. Declaration of Wu Dongmei ("Yuanjian Decl.") ¶¶ 3, 5. Amazon has not restored the listings removed under the complaints made after July 22, 2026. Declarations of Wu Dongmei, Ai Min, Li Meilian, Wang Xing, and Liu Qiuxia (collectively, "Pl. Decls.") ¶ 5.

The complaints continued after Plaintiffs filed this action on October 8, 2026. On October 9, 2026, Complaint ID 22385335991, again in the name of Roland Götz and identifying the patent as "D1007305S," caused Amazon to deactivate further listings offered by the YUANJDIANCHENG and Jiachuang-us storefronts, and Amazon notified the ZUGHXMS storefront of the same complaint. Yuanjian Decl. ¶ 4 & Ex. 3; Declaration of Li Meilian ("Jiachuangrong Decl.") ¶ 4 & Ex. 2; Declaration of Wang Xing ("Hua Kuai Decl.") ¶ 4. On October 21, 2026, Complaint ID 22611652201, submitted from rewatched.enforcement@remove.tech, accused further listings in the Jiachuang-us and ZUGHXMS storefronts of infringing "US Design Patent D1,007,305 S." Jiachuangrong Decl. ¶ 4 & Ex. 3; Hua Kuai Decl. ¶ 4 & Ex. 3. Amazon's notice of that complaint warned each storefront that if Amazon receives further complaints about its listings, it may deactivate the seller's Amazon account. Id.

Fengshun sells competing goods on Amazon.com through its own KINBOM storefront and authorized storefronts. FAC ¶ 10.

**D. Harm to Plaintiffs**

Amazon removed 369 of Plaintiffs' 1,044 listings, including 219 of the 265 listings in the ZZOKGOLIFE storefront and 94 of the 213 in the ZUGHXMS storefront; for 96 of those listings Amazon offered no appeal at all. FAC ¶ 35; FAC Ex. C; Pl. Decls. ¶ 5. In the six months before the removals, the removed listings generated approximately $307,000 in sales on Amazon.com. Since the removals they have generated none. Pl. Decls. ¶ 6.

When the listings were removed, the ZUGHXMS and ZZOKGOLIFE storefronts held 24,802 and 15,588 units of the affected products in Amazon fulfillment centers. Hua Kuai Decl. ¶ 7; Declaration of Liu Qiuxia ("Zhongheng Decl.") ¶ 7. Amazon lists 68 ZUGHXMS ASINs and 137 ZZOKGOLIFE ASINs as stranded for the reason "Restricted ASIN" and has scheduled that inventory for disposal beginning December 16, 2026, unless Plaintiffs pay to have it removed. Id. Amazon has also scheduled disposal of the Jiachuang-us units of one removed product on November 29, 2026, and of the YUANJDIANCHENG units of its four restricted products between November 23 and December 29, 2026. Jiachuangrong Decl. ¶ 7; Yuanjian Decl. ¶ 7. The stranded inventory accrues storage fees each month. Hua Kuai Decl. ¶ 7; Zhongheng Decl. ¶ 7.

### E. The Reexamination and This Action

A request for ex parte reexamination of the '305 Patent was filed on August 11, 2026, and assigned Control No. 90/016,520. FAC ¶ 44; FAC Ex. F. The request was assigned to an examiner for a determination on August 21, 2026, and no determination had issued as of October 21, 2026. Kaushik Decl. ¶ 3 & Ex. 2. Plaintiffs filed this action on October 8, 2026, ECF No. 1, and the First Amended Complaint on October 10, 2026, ECF No. 9. The Clerk issued the summons on October 14, 2026. ECF No. 17. Fengshun has not yet been served.

## ARGUMENT

### I. THE RELIEF SOUGHT RUNS ONLY AGAINST FENGSHUN AND THOSE ACTING FOR IT

Amazon is not a party, and Plaintiffs do not ask the Court to direct Amazon to do anything. An injunction binds the parties, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of it. Fed. R. Civ. P. 65(d)(2). Fengshun's complaints were submitted through brand-

enforcement vendors acting as its agents. FAC ¶ 34. An order requiring Fengshun and its agents to withdraw those complaints, and to tell Amazon that it does not object to reinstatement, reaches every person with the power to remove the obstacle Fengshun created. What Amazon does with that information is a matter for Amazon.

Because the order would restrain a patent owner's statements about its patent, Federal Circuit law sets an additional requirement. A patent owner may not be enjoined from communicating its patent rights, and state-law claims based on those communications are preempted, unless the communications were made in bad faith. *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897–98 (Fed. Cir. 1998); *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336–37 (Fed. Cir. 1998), *overruled in part on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999) (en banc in relevant part). Bad faith has an objective component: the assertion must be objectively baseless, in the sense that no reasonable litigant could realistically expect to succeed on the merits. *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374–77 (Fed. Cir. 2004) (adopting the standard of *Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)); *see also Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353–55 (Fed. Cir. 1999). Bad faith also has a subjective component. Both are addressed in Part II.A.2, and both are met here.

## II. PLAINTIFFS ARE ENTITLED TO A PRELIMINARY INJUNCTION

A party seeking a preliminary injunction must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm without relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010). Where the injunction would alter rather than preserve the status quo, the movant must show a clear or

substantial likelihood of success and a strong showing of irreparable harm. *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33–35 (2d Cir. 1995).

The status quo that a preliminary injunction preserves is the last actual, peaceable, uncontested status that preceded the controversy. *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (internal quotation marks omitted). Before July 22, 2026, Plaintiffs' listings were live. Fengshun's complaints changed that. An order returning the parties to that position restores the status quo rather than altering it. Plaintiffs nevertheless meet the heightened standard.

**A. Plaintiffs Are Clearly Likely to Succeed**

**1. The '305 Patent is invalid as anticipated by the Owala FreeSip Seal**

A design patent is invalid if the claimed design was "patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date." 35 U.S.C. § 102(a)(1); *see* 35 U.S.C. § 171(b). The ordinary-observer test governs anticipation of a design patent: the claim is anticipated if an ordinary observer, familiar with the prior art, would consider the prior design substantially the same as the claimed design. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009); *see Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676–78 (Fed. Cir. 2008) (en banc). Plaintiffs will bear the burden of proving invalidity by clear and convincing evidence at trial. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).

That burden will be met. The '305 Patent's effective filing date is August 30, 2023. FAC ¶ 21. The FreeSip, with its seal, was on sale on Amazon.com from March 2020, FAC ¶ 25 & Ex. D, and its maker has alleged in federal court that U.S. sales began in February 2020, FAC Ex. G ¶ 21. Those sales were by a third party, so the grace-period exceptions of 35 U.S.C. § 102(b)(1), which protect only disclosures by the inventor or those who obtained the subject matter from the

inventor, do not apply. FAC ¶ 30. Runway Blue's D884,416 and D911,104 patents, which show the same lid and spout, issued in 2020 and 2021. FAC ¶ 29. As the comparison at Kaushik Decl. Ex. 1 shows, the seal claimed in the '305 Patent and the FreeSip Seal share the same overall configuration: a one-piece seal seated in the flip cap of the lid, with a broad base whose rounded, arched outline follows the cap and raised sealing portions that close the spout's openings when the cap is shut. FAC ¶ 24. An ordinary observer would regard them as the same design.

In the alternative, any minor difference would have been obvious to a designer of ordinary skill in bottle closures in light of the FreeSip Seal alone or combined with the Runway Blue patents. FAC ¶ 31.

**2. Fengshun's complaints are objectively baseless and were made in bad faith**

No reasonable patent owner could expect to prevail on a claim that a seller infringes a design patent that claims a product sold to the public for more than three years before the application was filed. The FreeSip is not obscure prior art found after a search; it is a widely sold consumer product, sold on the same marketplace where Fengshun sells its own goods and submitted its complaints. FAC ¶¶ 10, 25–26. The complaint of October 21, 2026 makes the point itself: it describes the accused products as replacement seals made "to fit and interface with bottle caps" and accuses listings that identify the Owala FreeSip by name. Jiachuangrong Decl. Ex. 3; Hua Kuai Decl. Ex. 3. The objective prong of *Globetrotter* is satisfied.

The subjective prong is satisfied as well. Fengshun did not disclose the FreeSip or the Runway Blue patents to the USPTO. FAC ¶ 38. After Amazon reviewed Plaintiffs' appeal and restored their listings on July 23, 2026, Fengshun did not sue and did not seek review. It switched enforcement vendors and made the same accusation again, then again, and it has continued to do so since this action was filed. FAC ¶¶ 33–37; Pl. Decls. ¶¶ 3–4. A patent owner that expected to win on the merits would have had no reason to route the same accusation

through a second vendor after it failed on its first presentation, or to keep filing marketplace complaints rather than answer the claims in this Court. The pattern shows a purpose to keep competing listings off Amazon, not to vindicate a patent right.

### 3. Plaintiffs are also likely to succeed on non-infringement

An invalid patent cannot be infringed. Even if the claim survived, its scope would be confined by the FreeSip Seal and the Runway Blue designs, and an ordinary observer familiar with that prior art would not be deceived into purchasing Plaintiffs' products believing them to be the patented design. *Egyptian Goddess*, 543 F.3d at 678. Fengshun bears the burden of proving infringement.

## B. Plaintiffs Will Suffer Irreparable Harm Without an Injunction

Loss of goodwill, reputation, and business opportunities that cannot be measured in money is irreparable harm. *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004). Each removed listing loses its sales history, search ranking, and customer reviews, and a listing that is restored months later does not regain its former position. FAC ¶ 19; Pl. Decls. ¶ 9. For the ZZOKGOLIFE storefront, 219 of 265 listings are gone. FAC ¶ 35.

The harm is continuing. Complaints were submitted against three Plaintiffs' listings on October 9 and October 21, 2026, after this action was filed. Yuanjian Decl. ¶ 4; Jiachuangrong Decl. ¶ 4; Hua Kuai Decl. ¶ 4. Amazon has now warned the Jiachuang-us and ZUGHXMS storefronts that further complaints may lead it to deactivate their selling accounts. Jiachuangrong Decl. ¶ 4; Hua Kuai Decl. ¶ 4. Loss of an entire storefront is a harm no damages award could repair. And no restored listing will stay restored. After Amazon reinstated the listings removed under the first complaint, Fengshun had new complaints on file against Plaintiffs within four weeks. FAC ¶¶ 36–37. Unless Fengshun is barred from reporting Plaintiffs' listings while this case is pending, any relief Plaintiffs obtain from Amazon can be undone by the next complaint.

The harm also has fixed dates. Amazon has scheduled disposal of Plaintiffs' stranded inventory beginning November 23, 2026, and of the ZUGHXMS and ZZOKGOLIFE inventory on December 16, 2026. Yuanjian Decl. ¶ 7; Jiachuangrong Decl. ¶ 7; Hua Kuai Decl. ¶ 7; Zhongheng Decl. ¶ 7. Plaintiffs' only alternative is to pay Amazon to remove the goods from the market they were imported to serve. Inventory destroyed or shipped back to China cannot be restored by a later judgment. Plaintiffs have not delayed. They appealed the removals to Amazon, filed this action five weeks after the September complaints, and bring this motion now that the complaints have continued after filing and Amazon has fixed disposal dates. Pl. Decls. ¶¶ 4–5; ECF No. 1.

Money damages will not repair this harm. Fengshun is a Chinese company with no office, employees, or assets in the United States known to Plaintiffs. FAC ¶ 14; Pl. Decls. ¶ 10. A damages judgment on Count III would have to be enforced abroad, if it could be enforced at all.

**C. The Balance of Hardships Favors Plaintiffs**

The order Plaintiffs seek costs Fengshun nothing it is entitled to keep. Fengshun retains its patent and every judicial remedy that goes with it. If it believes Plaintiffs infringe, it may assert a counterclaim in this action. What it gives up, while the case is pending, is the ability to obtain through Amazon's notice procedure a result it has not obtained from any tribunal. Plaintiffs, by contrast, face the loss of most of the business of at least two storefronts, the risk of losing their selling accounts altogether, and the destruction or forced removal of their inventory.

**D. The Public Interest Favors an Injunction**

The public has a strong interest in the free use of ideas that are in the public domain and in the elimination of invalid patents. *Lear, Inc. v. Adkins*, 395 U.S. 653, 670 (1969). A design that was on the market for three years before it was claimed belongs to the public. Consumers are

served by competition in replacement bottle seals, and nothing in the requested order prevents Fengshun from selling its own products.

## III. THE COURT SHOULD PROVIDE FOR SUBSTITUTE PERFORMANCE IF FENGSHUN DOES NOT COMPLY

Fengshun is abroad and acts through vendors. If a judgment requires a party to perform a specific act and the party fails to comply within the time specified, the court may order the act done by another person it appoints, at the disobedient party's expense. Fed. R. Civ. P. 70(a). An order granting a preliminary injunction is appealable, 28 U.S.C. § 1292(a)(1), and is therefore a "judgment" within the meaning of the Rules, which define that term to include "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Plaintiffs ask that the order provide that, if Fengshun does not file the withdrawals within the time set, Plaintiffs' counsel may transmit a copy of the order to Amazon's notice-dispute channel together with a statement that the Court has directed withdrawal of the complaints.

## IV. A NOMINAL BOND IS SUFFICIENT

A district court has "wide discretion to set the amount of a bond, and even to dispense with the bond requirement where there has been no proof of likelihood of harm." *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997) (internal quotation marks omitted). Withdrawal of the complaints exposes Fengshun to no loss beyond competition from products that were lawfully on the market before July 22, 2026, and Fengshun retains its claim for damages if it ever establishes infringement of a valid claim. Plaintiffs propose a bond of $1,000.

## V. NOTICE AND SERVICE

A preliminary injunction may issue only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Plaintiffs ask the Court to enter the proposed Order to Show Cause and to direct that it and the supporting papers be delivered to Fengshun by email and overnight courier to its United

States patent counsel of record, Howard M. Cohn & Associates, which prosecuted the ’305 Patent, and by email to the addresses from which the Amazon complaints were submitted. Kaushik Decl. ¶¶ 5–6. That gives notice to Fengshun and to the agents who submitted the complaints. Service of the Summons and First Amended Complaint is a separate matter, on which Plaintiffs will move separately.

**CONCLUSION**

Plaintiffs respectfully request that the Court enter the proposed Order to Show Cause and, after hearing, a preliminary injunction (1) restraining Fengshun and those bound under Rule 65(d)(2) from asserting the ’305 Patent against Plaintiffs to Amazon or any other online marketplace while this action is pending; (2) directing them to withdraw Amazon Complaint IDs 21204768021, 21665095371, 21741526971, 21783688091, 21842234601, 21842227161, 22385335991, and 22611652201, and any other complaint asserting the ’305 Patent against Plaintiffs, within three business days of service of the order; (3) directing Fengshun to notify Amazon in writing that it has no objection to reinstatement of the affected listings; (4) authorizing substitute performance under Rule 70(a); and (5) setting a bond of $1,000.

Dated: Mineola, New York
October 28, 2026

Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
34 Willis Avenue
Mineola, NY 11501
Tel: 908-560-7265
Email: nkaushik@kaushiklex.com
Counsel for Plaintiffs

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I certify that this memorandum of law contains 3,603 words, exclusive of the caption, table of contents, table of authorities, signature block, and this certificate, as counted by the word-processing program used to prepare it, and complies with the word-count limit of Local Civil Rule 7.1(c).

/s/ Nitin Kaushik
Nitin Kaushik